United States District Court

Eastern District of Louisiana

Byes

v.                                              CIVIL ACTION NO. 2:00-cv-00198
                                                                         C(2)
Wal-Mart Stores Inc


   The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

   Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

   (1) A list of all parties still remaining in this action;

   (2) Copies of all pleadings, including answers, filed by those parties in state court; and

   (3) Copies of the return on service of process on those parties filed in state court.

   New Orleans, Louisiana, January 21, 2000.

                                         By Direction of the Court

                                         LORETTA G. WHYTE, CLERK



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHANIE BYES ON BEHALF OF HER MINOR SON, BRANDON BYES | * * * * | CIVIL ACTION NO.: |
| VERSUS WAL-MART STORES, INC., HUFFY SERVICE FIRST, INC. AND BRUNSWICK CORPORATION | * * * * * | JUDGE: 00-0198 SECT. C MAG. 2 MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   United States District Court
      Eastern District of Louisiana

Wal-Mart Stores, Inc.; Huffy Service First, Inc.; and Brunswick Corporation, defendants in the above-captioned state court suit filed by Stephanie Byes on behalf of her minor son, Brandon Byes, and now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Civil Action Number 99-20297, file this Notice of Removal of this suit from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

I.

Plaintiff filed this suit in the Civil District Court for the Parish of Orleans, State of Louisiana, on December 17, 1999.

II.

Wal-Mart Stores, Inc.'s first notice of this suit occurred on or about January 3, 2000, when it was served with plaintiff's Petition for Damages through Wal-Mart's registered agent for service.

III.

Huffy Service First, Inc.'s first notice of this suit occurred on or about December 28, 1999, when it was served with plaintiff's Petition for Damages through Huffy Service's registered agent for service.

IV.

Brunswick Corporation's first notice of this suit occurred on or about December 21, 1999, when it was served with plaintiff's Petition for Damages through Brunswick's registered agent for service.

V.

The action is one of a civil nature which alleges the fault of Wal-Mart Stores, Inc.; Huffy Service First, Inc.; and Brunswick Corporation under theories of negligence and/or strict liability.

VI.

The matter in dispute reasonably appears to seek damages in excess of SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs. Plaintiff's Petition for Damages alleges, among other things, that as the result of an accident that occurred on or about December 21, 1998, Brandon Byes broke his leg and sustained pain and suffering, mental anguish, permanent disability, and medical expenses. Plaintiff's Petition for Damages is attached hereto as Exhibit "A" and made a part of this pleading by reference, as if copied herein *in extenso*. Furthermore, medical records produced by plaintiff's counsel indicate that Brandon Byes sustained a right distal femoral physeal fracture and underwent three surgical procedures: a closed reduction of the right

distal femoral physeal fracture and fixation with pins; a cast change during which the pin was advanced using a drill; and a cast removal during which the fixation hardware was removed. In *Sledge v. Continental Cas. Co.*, 639 So. 2d 805, 817-18 (La. App. 2d Cir. 1994), the court awarded damages (not including medical expenses) in the amount of $75,000 for a similarly injured eleven year-old plaintiff. Finally, by letter dated December 30, 1999, counsel for Brunswick invited plaintiff's counsel to stipulate that the amount in controversy does not exceed that required for removal; plaintiff's counsel has not so stipulated. *See* letter to plaintiff's counsel dated December 30, 1999, copy attached as Exhibit "B."

VII.

At and since the time of filing this suit, plaintiff was and is a citizen of and domiciled within the State of Louisiana. Wal-Mart Stores, Inc.; Huffy Service First, Inc.; and Brunswick Corporation are all foreign corporation with their corporate headquarters in states other than Louisiana. Therefore, the requisite diversity between plaintiff and defendants, as required by 28 U.S.C. 1332, has been satisfied.

VIII.

Plaintiff has attempted to name no parties as defendants other than Wal-Mart Stores, Inc.; Huffy Service First, Inc.; and Brunswick Corporation.

IX.

This matter is removable pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441 (c).

WHEREFORE, Wal-Mart Stores, Inc.; Huffy Service First, Inc.; and Brunswick Corporation pray for removal of the above entitled cause from the state court to this Court.

_____
Thomas P. Anzelmo, T.A. (2533)
Isidro Rene DeRojas (18182)
Campbell, McCranie, Sistrunk,
 Anzelmo & Hardy
3445 N. Causeway Blvd.
Suite 800
Metairie, Louisiana 70002
Telephone (504) 831-0946
ATTORNEYS FOR WAL-MART STORES, INC.

_____
Robert J. Young, III (19230)
Young, Richaud & Myers
1515 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone (504) 585-7750
ATTORNEY FOR HUFFY SERVICE FIRST, INC.

_____
C. G. Norwood, Jr., T.A. (10083)
Patrick J. O'Cain (20993)
McGlinchey Stafford
643 Magazine Street
New Orleans, Louisiana 70130
Telephone (504) 586-1200
ATTORNEYS FOR BRUNSWICK CORPORATION