FILED
U.S. DISTRICT COURT
EASTERN DISTRICT LA

2000 MAR 16  P 12:02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHANIE BYES, ETC., ET AL | CIVIL ACTION |
| VERSUS | NO. 00-198 |
| WAL-MART STORES, INC., ET AL | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case. Having determined that the defendants have not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). The Fifth Circuit has recently reminded the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum

DATE OF ENTRY
MAR 17 2000

Fee___
Process___
X Dktd___
CtRmDep___
Doc.No.___

exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.

The defendants rely on medical records and caselaw in support of removal.  However, it does not appear that the medical records attached in opposition meets the requisite $75,000 minimum.  In addition, the cases relied upon by the defendants are distinguishable.  In this case, the minor child sustained a displaced physeal fracture of his right distal femur and underwent surgery to insert pins.  After the surgery, he was placed in a leg cast and discharged the next day.  A second surgery to adjust the pin and replace the cast performed two weeks later did not involve a hospital stay.  A third surgery the following month to remove the pins also did not involve an overnight stay at the hospital.  The leg cast was finally removed less than three months after the accident and x-rays showed excellent healing.  No physical therapy or further treatment is recommended.

As noted by the plaintiff in opposition, the cases cited by the defendants are distinguishable.  No traction, prolonged hospital stay or physical therapy is involved in this plaintiff's

treatment as in <u>Sledge v. Continental Casualty Co.</u>, 639 So.2d 805 (La. App. 2d Cir. 1994); the plaintiff's injuries were not so extensive as to require a body cast for an extended period of time, and did not leave any disfigurement as in <u>Phillips v. Winn-Dixie Stores, Inc.</u>, 650 So.2d 1259 (La. App. 4th Cir.), <u>writ denied</u>, 653 So.2d 599 (La. 1995); and the plaintiff did not receive head injuries or undergo traction or an extended hospital stay as in <u>Jones v. Hawkins</u>, 708 So.2d 749 (La. App. 2d Cir. 1998), <u>amended in part & reversed in part on other grounds</u>, 731 So.2d 216 (La. 1999).

Based on the record and the law, the Court finds that the defendants have not shown that the amount in controversy exceeds $75,000. In addition, the Court is mindful that removal jurisdiction is strictly construed. <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of

Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16 day of March, 2000.

```
_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE
```

4